# IN THE COURT OF APPEALS OF IOWA

No. 13-1166
Filed October 1, 2014

**JAMES A. EVANS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

James Evans appeals from the denial of his application for postconviction relief. **AFFIRMED.**

Kate Strickler, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, John Sarcone, County Attorney, and Frank Severino, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**DANILSON, C.J.**

James Evans appeals the district court's denial of his application for postconviction relief. We affirm.

On June 26, 2007, a robbery occurred, which was captured on surveillance video, and Evans and others were charged. Evans made incriminating statements following a waiver of his *Miranda* rights—that interview was videotaped. Following a jury trial at which Evans' videotaped confession was admitted, Evans was convicted of assault with intent to inflict serious injury (a lesser-included offense of the attempted-murder charge), first-degree robbery, intimidation with a dangerous weapon with intent, and eluding while participating in a felony. *See State v. Evans*, No. 08-0532, 2010 WL 2540794, at *1 (Iowa 2010). He appealed only his conviction of assault with intent to inflict serious injury, which conviction was affirmed. *See id.* at *1-2.

Evans thereafter filed an application for postconviction relief, contending his trial counsel had been ineffective in failing to make an opening statement, in failing to pursue an "intoxication defense,"[1] and in failing to move to suppress his confession due to impairment at the time of the confession. Trial counsel and Evans testified. The district court denied the application concluding, first, Evans could not establish he was prejudiced by counsel's failure to make an opening argument in light of the overwhelming evidence of guilt. Next, the postconviction

---

[1] "It has long been the general rule in Iowa that, although voluntary intoxication cannot constitute a defense to a crime, it may negate criminal intent if such intent is an element of the crime charged." *State v. Caldwell*, 385 N.W.2d 553, 557 (Iowa 1986); Iowa Code § 701.5 (2007) ("The fact that a person is under the influence of intoxicants or drugs neither excuses the person's act nor aggravates the person's guilt, but may be shown where it is relevant in proving the person's specific intent or recklessness at the time of the person's alleged criminal act or in proving any element of the public offense with which the person is charged.").

court ruled there was no evidence to support Evans' present claim he was under the influence of drugs at the time of the offense and counsel had no duty to pursue a defense not supported by the evidence. Finally, the court found "there is no indication whatsoever in the videotaped statement . . . that Evans was in any way impaired"; he was informed of his constitutional rights, Evans stated he understood them, and he signed a written waiver; "Evans responded to the questions asked of him in a lucid, unimpaired manner"; the interview was not confrontational; and nothing in the interview gave "any indication that Evans was unduly influenced or his will overborne by the officers." The court concluded a motion to suppress would have been unsuccessful. Evans appeals.

"'[A]ll postconviction relief applicants who seek relief as a consequence of ineffective assistance of counsel must establish counsel breached a duty and prejudice resulted.'" *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (citation omitted). If the applicant fails on either prong, the claim can be decided on that ground alone. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Upon our de novo review of the ineffectiveness claims, *see Lamasters*, 821 N.W.2d at 862, we agree that Evans failed to prove counsel was ineffective. Evans claims "[h]ad there been an opening argument, the jury would have had reasonable doubt regarding Evans' guilt." We first note that defense counsel did not waive the opening statement but instead deferred giving an opening statement until the conclusion of the State's evidence. Evans does not identify what type of argument would counter the overwhelming evidence of his guilt or how deferring the opening statement caused any prejudice. Consequently, he has not established the requisite prejudice to support an ineffectiveness claim.

*See State v. Parker*, 747 N.W.2d 196, 211 (Iowa 2008).  Moreover, there was no evidence—other than his present contention—to support Evans' claim he was intoxicated at the time of the offense or that his admissions were made under the influence or were otherwise involuntarily made.  *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) (noting counsel has no duty to raise a meritless issue).  Further discussion would be of little value, and we therefore affirm without further opinion.  *See* Iowa Ct. R. 21.26(1)(a), (d), and (e).

**AFFIRMED.**